T. M. NAGLE v. W. R. McNORTON.

CONTRACT.  *Action for services rendered.  Agency.  Case in Judgment.*

> N., a manufacturer agreed with M., to supply him with machinery at 30 per cent. discount from catalogue prices.  M., in the course of business, would sell such machinery, seven-tenths of the purchase price payable to N., and three-tenths to himself, and N. would ship the machinery direct to the purchasers.  Subsequently N. refused to ship a machine on such arrangement, and M. thereupon brought an action framed in the common counts for services rendered and work and labor performed in selling such machine.  *Held,* that such action is not maintainable, M. not being the agent of N., his remedy is for breach of the special contract made by him with N. for the purchase of the machinery.

APPEAL from the Circuit Court of Monroe County.

HON. LOCK E. HOUSTON, Judge.

This is an action of assumpsit, brought by W. R. NcNorton against T. M. Nagle.

The declaration alleges that the defendant " was indebted to the plaintiff in the sum of three hundred dollars for the labor and services of the plaintiff before that time, done and bestowed in and about the defendant's business at his request; and for the like sum for commissions and for work before that time, done in selling machinery for defendant."  The bill of particulars annexed was as follows: " To commissions of engine sold

for defendant to W. M. Houston for $545.00, 30 per cent., $103.50; to commissions for engine sold for him to J. N. Gregory, 30 per cent., $145.20."

On the trial plaintiff introduced certain letters written by defendant to him to establish his claim, the material parts of which are as follows : May 9, 1885. " With regard to agency, I enclose herewith price-list, dated January 1, 1885, and quote you a discount of thirty per cent." January 12, 1886. " In reply to yours of December 31, I do not enter into any formal contracts with my agents, but I will be pleased to fill all the orders you send in at 30 per cent. discount from catalogne price." May 15, 1886. " I have your order for engine and boiler for J. N. Gregory and also his note in payment for same, and which I herein return to you for your endorsement. When I receive same, with your endorsement, I will enter order and ship by the time stated." July 17, 1886. " In reply to yours of July 8, owing to the fact that a number of your customers have cancelled their orders, and not knowing where to find you, I have concluded not to fill any of your orders unless they are accompanied by half cash and the balance in good notes, payable Dec. I cancel all of your orders, and will return all your notes as soon as you advise me where to send them." The notes of Gregory and Houston, which had been duly endorsed by plaintiff and forwarded to defendant, were returned to plaintiff, and no machinery was ever shipped to either Houston or Gregory. The course of business between the parties, as shown by evidence of plaintiff, was as follows : Plaintiff would go out and secure purchasers, who would execute their notes for seven-tenths of the purchase-money to defendant and three-tenths to plaintiff. Plaintiff would sign the notes of defendant and send on to him, when the machinery would be shipped to the purchaser direct. To the evidence for the plaintiff the defendant demurred, the demurrer was overruled and judgment final was entered for plaintiff. The defendant appealed.

*Sykes & Bristow*, for the appellant.

1. We contend that the letters show in so many words, that defendant never promised to pay plaintiff commissions on sales; that he distinctly *declined* to do so; that the only arrangement.

ever made was that *defendant* was to *sell* the engines to *plaintiff* at a price 30 per cent. less than the catalogue prices; that the sale of the engines for Houston and Gregory was never completed, nor the engines delivered; that the orders were cancelled, and the notes returned, and that defendant had the right to cancel and return at any time prior to delivery.

2. But plaintiff claims that he has been damaged by the conduct of defendant in sending back his notes and cancelling his order for two engines, after the seven-tenths of purchase money notes had been forwarded, and defendant had promised to fill the orders.

But however this may be, *this* would not give him any right to recover *commissions* of 30 per cent. His bill of particulars shows he is sueing for *commissions on sales*, and however liberal the rules of pleading are, he certainly cannot change his suit for commissions *ex-contractu*, to an action on the case for breach of contract to sell him an engine.

*George C. Paine*, on the same side.

Plaintiff's action is *brought* for thirty per cent. commissions. This court should *not* and *cannot* under the most liberal construction of our system of pleading, permit him to *recover in this action* under the evidence produced.

*W. T. Houston*, for the appellee.

This issue was whether appellant owed appellee, not whether the debt should be called commissions or not. If he owed us for losses occasioned (of time or money) by his contract to pay commissions—his contract to fill our orders at a given discount —or his contract of sale of the two gins—followed by his refusal to pay the commissions without legal excuse—his refusal to fill our orders according to contract without legal justification or his rescission without sufficient cause of the sale contract once consummated, then by the judgment substantial justice has been done, no surprise is alleged or want of notice from the pleading of what appellee claimed and on what account.

Now we think appellee was a broker. See Whar. on Agency, §§ 697–700.

And cancellation or rejection of his orders must have been

65 Miss.—14.

in a reasonable time or he is entitled to his commissions or profits. Whar. on Agency, § 696.

That the party (appellant) first employing the agent or broker (appellee) liable for his remuneration. Whar. on Agency, §§ 715, 724, 725.

That the principal cannot evade payment of the agent when a purchaser has been found. Whar. on Agency, § 725.

That after acceptance principal cannot rescind. Whar. on Agency, § 316, note 1.

That the failure to consummate the transaction was due to appellant or at least to causes arising outside of appellee after he has completed his part, and that therefore he has earned his pay and is entitled thereto. Whar. on Agency, §§ 325, 327, 328.

COOPER, C. J., delivered the opinion of the Court.

We think the contract between the parties was not such as to make the appellee the agent of appellant, nor to entitle him to recover for services rendered in selling machinery.

The right of the appellee is to recover for breach of the several contracts made by him in the names of the purchasers with the appellee, and which were broken by him to the injury of appellee. By virtue of the contracts of purchase, appellee would have received from the parties to whom the articles were to be delivered certain sums of money, and his right to demand such sums from them has been destroyed by the act of appellant in refusing to execute the contracts. For such injury the appellee may recover damages; but he cannot recover on the common counts, because his right springs from these special contracts.

*The judgment is reversed and cause remanded.*